UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00260-JPH-DLP |
| | ) | |
| WARDEN FCI-TH, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On February 11, 2019, Clarence D. Schreane filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California, challenging a disciplinary proceeding that commenced with Incident Report No. 3054793. Dkt. 1. The action was transferred to this Court on June 5, 2019. The respondent filed a return to order to show cause on July 12, 2019, dkt. 23, and Mr. Schreane replied on August 9, 2019, dkt. 24. The action is ripe for resolution.

For the reasons explained in this Entry, Mr. Schreane's habeas petition must be **denied**.

**A.     Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass.*

1

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Jones,* 637 F.3d at 845.

### B.     The Disciplinary Proceeding

Officer C. Eber prepared Incident Report No. 3054793 on November 9, 2017, charging Mr. Schreane with a violation of Code 212, engaging in or encouraging a group demonstration. The Incident Report, written at 12:15 PM, stated as follows:

> While the institution is on lockdown, the entire unit (2B) refused to accept their breakfast meal. Multiple inmates in the unit began yelling advising other inmates to also refuse their meals. At approximately 11:35 AM I attempted to feed inmate Schreane, Clarence 17956-074. He refused to accept his lunch meal and chose to participate in the unit group demonstration. Inmate was identified using TRUSCOPE and bedbook cad.

Dkt. 1 at 6; dkt. 23-4 at 20.

The original Incident Report was delivered to Mr. Schreane on November 10, 2017, at approximately 9:00 AM. Dkt. 1 at 6. An initial hearing was conducted on November 14, 2017. The Incident Report was sent back for a rewrite. The "rewritten" Incident Report was delivered to Mr. Schreane on November 21, 2017, at 8:59 PM. Dkt. 23-4 at 13. The rewritten Incident Report, under the same number, stated:

> On Thursday November 9, 2017, during an institutional lockdown, a large majority of the inmates who were housed in unit 2B were refusing to accept their lunch meal. The inmates in unit 2B had also refused to accept their breakfast meal that same day. During the feeding of the lunch meal, multiple inmates in unit 2B were yelling, advising other inmates to refuse their meal. At approximately 11:26 AM, I attempted to feed inmate Schreane, Clarence 17956-074 his lunch meal. He refused to accept his lunch meal and chose to participate in the unit 2B group demonstration. Inmate Schreane, Clarence 17956-074 was identified using truscope and bed book card.

Dkt. 23-4 at 13.

Mr. Schreane was notified of his rights at the initial hearing and at the rehearing conducted on December 1, 2017. Dkt. 23-4 at 8, 15, 23. The matter was referred to a Disciplinary Hearing Officer (DHO) for further hearing. Dkt. 23-4 at 20.

DHO Cobb conducted a hearing on February 28, 2018. Mr. Schreane was provided a staff representative and was advised he could request witnesses. Dkt. 23-1 at ¶ 12. He acknowledged that he understood his rights. *Id.* Mr. Schreane then refused to appear for the hearing because he did not want DHO Cobb to hear his case. Dkt. 23-4 at 3. The staff representative provided Mr. Schreane's statements to the DHO and witnesses provided statements via email. Dkt. 23-1 at ¶ 12.

Counselor Scott was a witness, but he stated that he was in training on November 9, 2017, and therefore did not witness anything. He otherwise made "no comment." Dkt. 23-4 at 18. A second witness, Lt. Balderston, stated that on November 10, 2017, Mr. Schreane told him he was not protesting anything, and he claimed to be on a Christian religious fast. Dkt. 23-4 at 19.

In finding Mr. Schreane guilty of the charge, DHO Cobb relied on the Incident Report, supporting memos, a log showing that four inmates accepted food trays that day, and an email from the Chaplain. Dkt. 23-4 at 3. An investigation into the incidents on November 9, 2017, revealed that the day before, inmates in Unit 2B were talking about going on a hunger strike because the meals were prepared and handled by Unit 1A inmates, who were perceived to be sex offenders or snitches. Dkt. 23-1 at ¶ 13.

The day after the incident, the Chaplain was asked about fasting for religious reasons because a vast majority of the inmates were claiming religious reasons for fasting November 9, 2017. Dkt. 23-4 at 34. Prison staff considered possible religious holidays and there were none on November 9, 2017. *Id.* The Chaplain stated in an email that if an inmate wanted to fast, the fast had to first be recognized by the Bureau of Prisons (BOP). The inmate must send a request to

3

Religious Services which is then sent to Food Service so Food Service can plan accordingly. *Id.* Mr. Schreane did not send a request to the Chaplain indicating that he wished to fast on that date. Dkt. 23-1 at ¶ 13.

DHO Cobb imposed sanctions including the disallowance of 27 days of good time credit, the loss of commissary, visitation, and email privileges for 30 days, and a monetary fine of $7.00. Dkt. 23-4 at 4.

### C.   Analysis

Mr. Schreane argues that his due process rights were violated during the disciplinary proceedings. His claims are that: 1) the hearing officer was biased; and 2) he did not participate in a group demonstration. Mr. Schreane maintains that he was on a "personal" one day fast and that the sanctions violate his First Amendment right to free exercise of religion.

#### 1.   Impartial Decisionmaker

Mr. Schreane argues that DHO Cobb acted out of malice by ignoring the fact that he told Lt. Balderson on November 9, 2017, that he conducted a personal fast each year on November 9, with a Circle of Prayer. Dkt. 1 at 18. He asserts that DHO Cobb thereby violated his First Amendment rights.

Lt. Balderson did acknowledge that Mr. Schreane was claiming he was on a Christian religious fast, but Lt. Balderson did not say anything about it being an annual fast with a Circle of Prayer. Dkt. 23-4 at 19. Because Mr. Schreane chose to not appear at the hearing, he never made this claim to the DHO either. Inmates are entitled to an impartial decision-maker. Nonetheless, while Mr. Schreane disagrees with the DHO's decision, simply alleging bias is not sufficient to support a due process violation. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not

4

adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* "[T]angential involvement with the underlying facts is not a problem," as far as bias in the disciplinary setting is concerned. *Wilson-El v. Finnan,* 281 F. App'x 589, 591 (7th Cir. 2008). Mr. Schreane raises none of these potential bases to rebut the presumption of integrity. Moreover, there is no evidence that DHO Cobb was not impartial. Accordingly, this claim fails.

### 2.     Some Evidence

To the extent Mr. Schreane alleges a violation of his First Amendment rights, that claim is not properly brought in this action. A habeas petition is used to challenge the length or duration of an offender's confinement. If the petitioner wishes to assert a claim challenging the conditions of his confinement, he must do so under the civil rights law, 42 U.S.C. § 1983. *See Glaus v. Anderson,* 408 F.3d 382, 387-88 (7th Cir. 2005).

Mr. Screane's second claim shall be treated as a challenge to the sufficiency of the evidence. Mr. Schreane does not deny refusing his meals on November 9, 2017. Rather, he disputes the charge that by doing so he participated in a group demonstration. He alleges that he conducted a "personal" religious fast on that day and that his cellmate decided to join him. This defense was acknowledged and considered by the DHO. The DHO was not required to believe Mr. Schreane's statement over the other evidence, however, and it is not the Court's role to reweigh the evidence or determine the relative credibility of one witness over another. *See Ellison,* 820 F.3d at 274 ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could

support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)).

As noted, the DHO considered and rejected Mr. Schreane's explanation that he was not participating in a group demonstration and that instead, he was on a Christian religious fast. The DHO weighed adversely Mr. Schreane's refusal to provide any exculpatory statements or documentary evidence to refute the charge at the hearing. Dkt. 23-4 at 3. The DHO also considered the fact that Mr. Schreane did not follow proper protocol before going on a fast by sending a request to Religious Services. Moreover, there is no recognized Christian (or other religion) basis to fast on November 9, 2017. In sum, the Incident Report, memos, and the email from the Chaplain provided ample evidence to support the finding of guilt.

### D. Conclusion

Mr. Schreane was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Schreane's due process rights.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Schreane to the relief he seeks. Accordingly, Mr. Schreane's petition for a writ of habeas corpus relating to Report No. 3054793 must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 9/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLARENCE D. SCHREANE
17956-074
TERRE HAUTE (33)
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Bureau of Prisons Regional Counsel
7338 Shoreline Drive
Stockton, CA 95219

Quinn Hochhalter
United States Attorney's Office
501 I Street
Suite 10-100
Sacramento, CA 95814

Litigation Coordinator
USP Atwater
PO Box 019001
Atwater, CA 95301

US Attorney's Office- 2241 Unit
Eastern District of California

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov