UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00260-JPH-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY ON POST-JUDGMENT MOTION

This disciplinary habeas action was dismissed on September 14, 2020. Dkt. 26. Final judgment issued the same day. Dkt. 27.

On May 26, 2021, the petitioner filed a motion for reconsideration. Dkt. 33. In his motion, he argues that his First Amendment rights to free exercise of religion were violated when he was found guilty of engaging in or encouraging a group demonstration by refusing to accept his lunch meal.

Because the post-judgment motion was filed more than 28 days after judgment was entered, it is treated as a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) delineates six grounds upon which relief from a judgment can be granted." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). The petitioner does not identify what prong of Rule 60(b) he invokes. Rule 60(b)(1) permits relief due to "mistake, inadvertence, surprise, or excusable neglect," but such relief can only be granted upon a showing of "extraordinary circumstances." *Id.* Rule 60(b)(2) applies when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. Fed. R. Civ. P. Rule 60(b)(2).

1

The petitioner makes the same argument he presented in support of his petition, that his First Amendment right to free exercise of religion was violated when prison officials failed to acknowledge that he refused a lunch tray for religious reasons. In doing so, the petitioner ignores the Court's ruling that because "[a] habeas petition is used to challenge the length or duration of an offender's confinement," a First Amendment claim is not properly brought in this case. Dkt. 26 at 5. The petitioner has shown no mistake, presented no newly discovered evidence, nor demonstrated that he is otherwise entitled to relief under Rule 60(b).

Accordingly, the petitioner's motion to reconsider, treated as a Rule 60(b) motion, dkt. [33], is **denied.**

**SO ORDERED.**

Date: 6/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLARENCE D. SCHREANE
17956-074
TERRE HAUTE (33)
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All electronically registered counsel